# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re, LISA KAYE GOLDEN,
Debtor

LISA KAYE GOLDEN

                                    Appellant,

v.

RICHARD KIPPERMAN, JEFFREY
ROGERS,

                                    Appellees.

Case No.:  19-cv-2064 DMS (NLS)

Bankruptcy Proceeding No.: 17-06928
MM7

**ORDER DENYING APPELLANT'S (1) EX PARTE MOTION TO STAY BANKRUPCY PROCEEDINGS, AND (2) APPEAL OF MOTION TO RECUSE BANKRUPTCY JUDGE**

On November 15, 2019, Appellant Lisa Golden moved to stay bankruptcy proceedings pending resolution of her appeal of the Bankruptcy Court's denial of her motion to recuse Bankruptcy Judge Margaret Mann.  The bankruptcy trial began on November 15, 2019, and is presently underway.  The Bankruptcy Court, specifically Judge Mann, denied Appellant's motion to recuse on October 11, 2019.  Appellant thereafter filed this notice of appeal and motion for stay of bankruptcy proceedings.  The Court denies the appeal and request for stay for the reasons set forth below.

## I.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a), the United States District Court functions as the appellate court for reviewing decisions of the Bankruptcy Court.  The Court reviews the

Bankruptcy Court's orders for abuse of discretion. *In re Goodwin*, 194 B.R. 214, 220 (B.A.P. 9th Cir. 1996) ("An order denying a motion to recuse is reviewed for abuse of discretion."). "A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *Id.* at 905 (quoting *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011)).

## II. DISCUSSION

As a threshold matter, the Court must determine whether it has jurisdiction to hear the appeal of denial of the motion to recuse. "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Appellant filed her notice of appeal on October 25, 2019, within 14 days of the Bankruptcy Court's denial of her motion to recuse on October 11, 2019. Thus, the Court has jurisdiction to hear the appeal.[1] Appellant also contends the bankruptcy trial should be stayed pending determination of her recusal appeal.

"Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This test is objective and asks whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014). On a motion to recuse, "the judge is not required to take the factual allegations as true." *Goodwin*, 194 B.R. at 222. "[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008) (citations omitted).

Recusal is only warranted when the judge's actions "display a clear inability to render a fair judgment." *In re Wisdom*, 2015 WL 2371489, at *2 (D. Idaho, 2015) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on

---

[1] While Appellant did not provide proof of service on Appellees, the Court will entertain the appeal given that the trial below is underway.

the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *In re Marshall*, 721 F.3d 1031, 1041—42 (9th Cir. 2013); *See also Litesky v. United States*, 510 U.S. 540, 554 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). The high bar for recusal under the foregoing authorities is not met.

Appellant sets forth ten arguments to stay the proceedings below pending determination of her recusal motion. Three of the arguments relate to conflicts of interest: (1) the Bankruptcy Court heard its own motion to recuse in violation of the Code of Conduct for Judges in the United States; (2) Judge Mann has a conflict of interest with the Trustee because the Trustee is a "personal friend" and Judge Mann previously represented the Trustee as a client in legal proceedings before becoming a judge; and (3) Judge Mann has a "spousal relationship" with the lead attorney at the local Bankruptcy Clinic, who apparently declined to provide legal assistance to Appellant because his spouse was presiding over the legal proceeding. (Ex Parte Declaration at 2-3).

The Court has considered Appellant's arguments and respectfully declines to find a conflict of interest warranting recusal. First, Appellant contends, without citing authority, that the judge should have recused herself and allowed the Chief Judge to hear the motion to recuse. The Court is not aware of any such authority. Rather, 18 U.S.C. § 455(a), which governs disqualification of federal judges, provides guidelines for judges to disqualify themselves *sua sponte*.[2] The statute does not mandate referral of the question of recusal

---

[2] Appellant also cited 28 U.S.C. § 144 in her motion to the Bankruptcy Court, which provides for another judge to be assigned to hear a proceeding when a party files an affidavit that the presiding judge has a personal bias or prejudice. However, this provision applies to district judges, not bankruptcy judges. *See Goodwin*, 194 B.R. at 221. Therefore, the Court will only address 18 U.S.C. § 455 as the relevant authority. *See id.* ("Bankruptcy judges are subject to recusal only under section 455.").

to another judge. Rather, "if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). In addition, Judge Mann is the Chief Judge of the Bankruptcy Court for the Southern District of California. Nevertheless, while this Court appreciates Appellant's concern over a judge hearing his or her own recusal motion, it fully credits Judge Mann's ruling denying Appellant's motion to recuse. That ruling sets forth objective, principled reasons warranting denial of the motion. As such, the judge overseeing her own recusal motion does not constitute an abuse of discretion.

Second, Appellant alleges Judge Mann has a conflict of interest with the Trustee in the instant action. In judging whether this conflict requires recusal, this Court looks to other cases within this circuit—all of which counsel against recusal. The existence of a prior relationship—whether a personal or professional connection—between a judge and a lawyer or litigant "does not by itself require recusal." *See, e.g.*, *In re Menchaca*, 2017 WL 58988036, at *5 (C.D. Cal. 2017) (finding no error where a court denied a motion to disqualify the judge where counsel for appellees was the judge's former extern); *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995) ("[A] law clerk's acceptance of future employment with a firm would [not] cause a reasonable person to doubt the judge's impartiality so long as the clerk refrains from participating in cases involving the firm in question.") (alteration in original) (citation omitted); *United States v. Bosch*, 951 F.2d 1545, 1548 (9th Cir. 1991) (a trial judge's failure to recuse when the prosecutor was a former clerk was not plain error when there was not a demonstration of bias, even though the judge "commented that he thought of the prosecutor, a former law clerk, as a son."). Here, as the Bankruptcy Court noted, the court's professional relationship with Trustee took place "nearly a decade" before the instant action, and "involved both representing and opposing Trustee many years before taking the bench and having no professional relationship with him." (Bankruptcy Case 17-06928-MM7, Doc. 369). Accordingly, Judge Mann's prior professional relationship with the Trustee would not cause a reasonable person to doubt the judge's impartiality.

Third, Appellant argues Judge Mann's spouse refused to provide legal assistance to her through the local Bankruptcy Legal Clinic. Appellant alleges she reached out to this clinic after becoming unrepresented 18 months into the litigation but was refused assistance by Judge Mann's spouse. (Ex Parte Declaration at 3). Judge Mann's spouse's refusal to engage in a conflict of interest with the Bankruptcy Court does not implicate Judge Mann's discretion in this case. If Judge Mann's spouse had accepted representation, Judge Mann would be required to recuse herself under 18 U.S.C. § 455(b)(5)(ii). But that case is not before the Court. Moreover, Judge Mann's spouse acted properly in declining to assist Appellant because of his relationship with Judge Mann and the fact that Judge Mann was presiding over Appellant's case. Under California Rule of Professional Conduct 1.16, a lawyer may not represent a client if the lawyer "knows or reasonably should know" that the representation will result in a violation of the rules of professional conduct, including rules related to conflicts of interest.

Finally, Appellant's remaining arguments to stay the proceedings derive entirely from decisions Judge Mann made during the present litigation. This is a tough road to hoe for Appellant. When parties elect to litigate, judges are duty-bound to make hard calls— always on the merits and in accordance with the law. The record reveals the Bankruptcy Judge has done nothing less.

Appellant contends: (1) the Bankruptcy Court "illegally and unethically withheld all of [Appellant's] subpoena production"; (2) Appellant was sanctioned for filing a motion to quash in violation of her due process rights; (3) the Bankruptcy Court "has a history of using illegally obtained or fake evidence against [Appellant]"; (4) the Bankruptcy Court initially refused to order a deposition but then later allowed it; (5) the Bankruptcy Court has denied Appellant's last two motions to continue the trial; (6) the Bankruptcy Court only allows Appellant five minutes and does not allow her to make "inconvenient" arguments; and (7) the Bankruptcy Court has not consolidated other appeals and discovery matters with this trial. (Ex Parte Declaration at 3-5). The Court fully appreciates that parties may strongly disagree with a judge's rulings, but general disagreements with a

court's rulings—without more—do not give rise to a conflict of interest. The Court declines to credit Appellant's assertions that Judge Mann acted "illegally" in any way. Rather, the record reveals the Bankruptcy Court has ruled on the merits of the issues presented. It is notable too that the Bankruptcy Court has made significant rulings in favor of Appellant, such as granting an expanded homestead objection and "disallowing numerous components of the largest proof of claim filed in her case." (Bankruptcy Case 17-06928-MM7, Doc. 369). The Bankruptcy Court's rulings do not "display a deep-seated favoritism" rendering "fair judgment impossible." *Marshall*, 721 F.3d at 1031. Appellant is receiving justice in accordance with law.

## III. CONCLUSION

For these reasons, the Court denies Appellant's motion to recuse Judge Mann. Appellant's motion to stay proceedings is therefore denied without prejudice.

**IT IS SO ORDERED**.

Dated: November 22, 2019

Hon. Dana M. Sabraw
United States District Judge